

FILED

FEB – 5 2021

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

Evaristus Mackey ⓡ       26836-034

_____      _____

_____      _____

_____      _____

*(Enter above the full name of the plaintiff*
*or plaintiffs in this action).*

*(Inmate Reg. # of each Plaintiff)*

**VERSUS**

**CIVIL ACTION NO.** 1:21- CV- 00092
*(Number to be assigned by Court)*

C. Maruka (Warden)
John Doe (Medical Director)
PA Armstrong
Saunders (Unit Manager)

*(Enter above the full name of the defendant*
*or defendants in this action)*

## COMPLAINT

**I.     Previous Lawsuits**

     A.     Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

         Yes _____     No ✓_____

1

B.  If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1.  Parties to this previous lawsuit:

Plaintiffs:  _____

Defendants:  _____

*N/A*

2.  Court (if federal court, name the district; if state court, name the county);

_____ *N/A* _____

3.  Docket Number:  _____ *N/A* _____

4.  Name of judge to whom case was assigned:

_____ *N/A* _____

5.  Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?

_____ *N/A* _____

6.  Approximate date of filing lawsuit:  _____ *N/A* _____

7.  Approximate date of disposition:  _____ *N/A* _____

2

II.   **Place of Present Confinement:** _FCI McDowell_

A.   Is there a prisoner grievance procedure in this institution?

Yes _✓_          No _____

B.   Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes _✓_          No _____

C.   If you answer is YES:

1.   What steps did you take? _Took the H. pylori test twice & tested positive._

2.   What was the result? _Tested positive & got 14 days of antibiotics._

D.   If your answer is NO, explain why not: _____

_____

III.   **Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A.   Name of Plaintiff: _Evaristus Mackey ®®_

Address: _P.O. Box 1009 – Welch, WV 24801_

B.   Additional Plaintiff(s) and Address(es): _____

_____

_____

_____

3

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank.  Use item D for the names, positions, and places of employment of any additional defendants.)

C.    Defendant: _C. Maruka_

is employed as: _Warden_

at _FCI McDowell, P.O. Box 1009, Welch, WV 24801_

D.    Additional defendants: _See Attached_

## IV.    Statement of Claim

State here as briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

_See Attached_

4

IV.   **Statement of Claim (continued):**

V.   **Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Immediate transfer from FCI McDowell, to be seen by a Gastroenterologist Speaclist, monetary damages, compensatory damages, punitive damages, cruel & unusual punishment damages, mental & physical anguish damages, pain & suffering damages & any other damages deemed appropriate by this honorable court.

5

**V.    Relief (continued)):**

_____

_____

_____

_____

_____

**VII.   Counsel**

    A.    If someone other than a lawyer is assisting you in preparing this case, state the person's name:

_____ N/A _____

    B.    Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

        Yes _____        No _____

If so, state the name(s) and address(es) of each lawyer contacted:

_____

_____

If not, state your reasons: _COVID 19 has complicated contacting family & family contacting a lawyer._

    C.    Have you previously had a lawyer representing you in a civil action in this court?

        Yes _____        No _✓_

If so, state the lawyer's name and address:

_____

_____

Signed this _28th_ day of _January_ , 20_21_.

_____

_____

_____

Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___1-28-2021___ .
                    (Date)

_____
Signature of Movant/Plaintiff

_____
Signature of Attorney
(if any)

7

United States District Court
Southern District of West Virginia

Evaristus Mackey,          ○  Section:
          Plaintiff,        ○
                           ○
    V.                      ○  Case No. 1:21-CV-00092
                           ○
C. Maruka (Warden),         ○
          Defendant.        ○  Judge:

Statement Of Claim

C. Maruka was Warden at FCI McDowell at all times involved in this matter & is being sued in his fidicuary, offical, individual & private capacities.

John Doe was Medical Director at FCI McDowell at all times involved in this matter & is being sued in his fidicuary, offical, individual & private capacities.

PA Armstrong was the primary care provider at all times involved in this matter & is being sued in her fidicuary, offical, individual & private capacities.

1.

Saunders was Unit Manager at FCI McDowell at all times involved in this matter & is being sued in his fidicuary, offical, individual & private capacities.

R.D. Malone was Counselor at FCI McDowell at all times involved in this matter & is being sued in his fidicuary, offical, individual & private capacities.

Oxford was Case Manager at FCI McDowell at all times involved in this matter & is being sued in her fidicuary, offical, individual & private capacities.

All defendant(s) are in violation of their Employee Affidavit they signed to be a Federal Employee, the Employee Code of Conduct, 18 USC 241 & 18 USC 242, making all defendant(s) Bond liable for injuries caused by their deliberate indifference & wanton & reckless disregard for plaintiff's health & well being. This also violates the Eighth Amendment rights under the U.S. Const-itution for Cruel & Unusual Punishment. Criminal Prosecution may be imposed in this matter.

2.

## Background

Plaintiff arrived to FCI McDowell Aug. 8, 2018. The water at FCI McDowell for drinking & cooking is contaminated & the defendant(s) know because all staff at FCI McDowell drink bottle water & staff inform inmates that they should buy bottle drinking water off the commissary store list.

Plaintiff have no choice but to drink the water & have contract the disease H. pylori that affects the body in several different areas & medical ignore complaints, request & pain & suffering.

## Statement Of The Case

Plaintiff arrived in Aug. 2018 unaware of the water being contaminated with H. pylori & began drinking the water, using the 190° water for coffee & food in the Unit, ice for drinking because there are no microwaves to cook food at FCI McDowell.

3.

Plaintiff soon began to pass gas a _lot_, burb a _lot_, but wasn't aware of what was going on thinking it was nothing. Then it began to get worse with pain & discomfort in the stomach & lower abdomen area.

In June 2020 while being housed in the SHU the pain became unbearable & plaintiff was given a shot in the arm for pain & charged $2.00 co-pay that only lasted a few hours. It did not stop or treat the pain & suffering.

All defendant(s) _Knew_ the water at FCI McDowell, or should I say, _McDowell County_ drinking water [is] contaminated which is _Known Knowledge_ of all defendants because they drink bottle water.

This led plaintiff to begin investigating & an article in Rolling Stone Magazine May 2018 edition pgs. 30-33 REVOLT IN COAL COUNTRY states in part;

..."A 2015 study by the Social Science

4.

Research Council reported that in certain Appalachian counties, like McDowell in West Virginia or Martin in Kentucky (a coal county where fetid tap water has recently made national news), over 40 percent of youth ages 16 to 24 are "disconnected-" Neither employed nor enrolled in schools." See Ex J

Establishing all defendant(s) knowledge of the water plaintiff was drinking was contaminated & posed a serious risk of medical needs but showed deliberate indifference with wanton & reckless abadonment towards plaintiff health & well being.

Plaintiff also discovered many things about Helicobater pylori (H. pylori) & that a Gastroenterologist Speaclist is the type of Dr. that speaclize in this field, along with the complication of health problems h. pylori can cause. See; Ex. A

FCI McDowell has no Dr. that works at the institution 24 hrs. everyday because plaintiff requested the h. pylori test & gave a stool sample Friday July 17, 2020 that

5.

wasn't mailed out until Monday July 30th then tested days later causing a Negative test result. See; Ex. B

The symptoms & pain plaintiff was enduring did not disappear or go away so plaintiff requested X-Rays that revealed calcific densities growing inside of plaintiff that wasn't there before arriving to FCI McDowell & drinking contaminated water. See; Ex C

Plaintiff took another h pylori test Nov. 2020 that was tested within days that was Positive & plaintiff began getting medication for 14 days only after over 2 yrs. of drinking contaminated water. See; Ex. D, Ex. E, Ex. F & Ex. G.

The Warden, Medical Director, PA Armstrong were all forwarded request for Bottle Drinking Water asking what good is 14 days of Meds when plaintiff still [forced] to drink contaminated water to take the meds, drink, eat & bath. See; Ex. H & Ex. I.

Defendant(s) Saunders, Malone & Oxford

6.

are Unit Team that rarely made rounds but were all given request for the Administrative Remedy to file a grievance but was denied & is still being denied Administrative Remedy to file against Medical.

In Scinto v. Stansberry, 841 F. 3d 219 (4th Cir Nov. 4, 2016)... In deliberate indifference to medical needs cases, Farmer's subjective prong requires proof of the offical's "actual subjective knowledge of both the inmate's serious medical condition & the excessive risk posed by [the offical's] action or inaction." Jackson v. Lightsey, 775 F. 3d 170, 178 (4th Cir 2014) (citing Farmer, 511 U.S. at 837 -39). A plaintiff can reach the subjective knowledge requirement through direct evidence of a prison offical's actual knowledge or circumstantial evidence tending to establish such knowledge, including evidence "that a prison offical knew of a substantial risk from the very fact that the risk was obvious." Makdessi v. Fields, 789 F. 3d 126, 133 (4th Cir 2015) (quoting Farmer, 511 U.S. at 842).

A plaintiff also makes out a prima facie

7.

case of deliberate indifference when he demonstrates "that a substantial risk of [serious harm] was long-standing, pervasive, well-documented, or expressly noted by prison officals in the past, & the circumstances suggest that the defendant-offical... had been exposed to information concerning the risk & thus must have known about it..." <u>Parrish ex rel. Lee v. Cleveland</u>, 372 F. 3d 294, 303 (4th Cir. 2004) (first alteration in original) (internal quotation marks omitted) (quoting <u>Farmer</u>, 511 U.S. at 842).

Plaintiff has established from Aug. 2018 to present he's been & still is drinking contaminated water. Has tested positive for <u>h. pyloni</u>, have stones growing inside his body, is still suffering pain, <u>never been seen by a Dr.</u> & all defendants know the water is contaminated because they don't drink it.

## CONCLUSION

The Exhibits presented in this complaint establishes deliberate indifference by all defendants with a wanton & reckless disregard for plaintiff health & well being which is still ongoing to this very day.

8.

RELIEF DESIRED:

Immediate Transfer from FCI McDowell, to be seen by a Gastroenterologist Speaclist, monetary damages, compensatory damages, punitive damages, cruel & unusual punishment damages, mental & physical anguish damages, pain & suffering damages & any other damages deemed apropriate by this honorable court.

WHEREFORE:

Plaintiff prays this honorable court grant his civil suit.

Sincerely,