# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **EVARISTUS MACKEY,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 1:21-00092 |
| **C. MARUKA,** *et al.*, | ) |
| **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the United States' "Notice and Motion to Reconsider Plaintiff's Filing Status as *In Forma Pauperis*" (Document No. 22), filed on May 24, 2021.

## FACTUAL AND PROCEDURAL HISTORY

On February 5, 2021, Plaintiff,[1] acting *pro se*, filed his Application to Proceed Without Prepayment of Fees and his Complaint in this matter claiming entitlement to relief pursuant to constitutional and civil rights pursuant to <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[2] (Document Nos. 1, 2, and 7.) In his Complaint, Plaintiff names the following as Defendants: (1) C. Maruka, Warden of FCI McDowell; (2) John Doe, Medical Director at FCI McDowell; (3) PA Armstrong, Primary Care Provider at FCI McDowell; (4) Mr. Saunders, Unit Manager at FCI McDowell; (5) R.D. Malone, Counselor at FCI McDowell; and (6) Ms. Oxford, Case Manager at FCI McDowell.

---

[1] Plaintiff is also known as Reginald Fountain and Reese Mackey. (Document No. 22-1, p. 22.)

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Document No. 2, pp. 1 and 8 - 9.) Plaintiff alleges that Defendants violated his Eighth Amendment rights by acting with deliberate indifference to his health and safety. (Id., pp. 9 - 16.) Plaintiff states that he arrived at FCI McDowell on August 8, 2018. (Id., p. 10.) Plaintiff alleges that the water at FCI McDowell is "contaminated and the Defendant(s) know because all staff at FCI McDowell drink bottled water and staff inform inmates that they should buy bottled drinking water off the commissary store list." (Id.) Plaintiff states that he had "no choice but to drink the water and [he] contracted the disease H. Pylori." (Id.) Plaintiff explains that upon arriving at FCI McDowell, he was unaware that the water was contaminated. (Id., p. 10.) Plaintiff states that he drank the water and soon began experiencing gas and abdominal pain. (Id.) Plaintiff contends that in June 2020, he experienced "unbearable" pain and was "given a shot in the arm for the pain." (Id., p. 11.) Plaintiff complains that the "shot" only lasted for a few hours, and Defendants failed to "stop or treat his pain and suffering." (Id.) Plaintiff states that the foregoing caused him to conduct his own investigation, and he discovered an article in Rolling Stone Magazine revealing that the water in McDowell County is contaminated. (Id., pp. 11 – 12.) Plaintiff further alleges that he "discovered many things about Helicobacter Pylori (H. Pylori) and that a Gastroenterologist specialist is the type of [doctor] that specializes in this field." (Id.) Plaintiff complains that FCI McDowell does not have a doctor "that works at the institution 24 hours every day." (Id., p. 12.) Plaintiff further asserts that he "requested the H. Pylori test and gave a stool sample on Friday, July 17, 2020." (Id.) Plaintiff, however, complains that his sample was not "mailed out until Monday, July 20th, then tested days later, causing a negative test result." (Id., pp. 12 – 13.) Since his symptoms persisted, Plaintiff states that he requested an x-ray. (Id., p. 13.) Plaintiff states that an x-ray was performed, which "revealed calcific densities growing inside of Plaintiff that wasn't there before arriving at FCI McDowell and drinking contaminated water." (Id.) Plaintiff states that in November 2020, he

tested positive of H. Pylori and was provided medication for 14 days. (Id.) Plaintiff, however, complains that 14 days of medication is insufficient when he is "forced to drink contaminated water to take the meds, drink, eat, & bathe." (Id.) Plaintiff argues that he was unable to exhaust his administrative remedies because Defendants Saunders, Malone, & Oxford "rarely" make rounds and deny all requests for forms. (Id., pp. 13 – 14.) Plaintiff concludes that Defendants have acted with deliberate indifference to his health and safety because he is drinking contaminated water, tested positive for H. Pylori, has "stones growing inside his body, is still suffering pain," has "never been seen by a doctor," and "all Defendants know the water is contaminated because they don't drink it." (Id., p. 15.) As relief, Plaintiff requests immediate transfer, an evaluation by a Gastroenterologist, and monetary damages. (Id., p. 16.)

As Exhibits, Plaintiff attaches the following: (1) Plaintiff's handwritten copy of information from the Mayo Foundation regarding Helicobacter Pylori (Document No. 2-1, pp. 1 – 2.); (2) A copy of Plaintiff's pertinent medical records (Id., pp. 3 – 9.); (3) A copy of Plaintiff's request to PA Armstrong dated December 7, 2020, regarding the "Status of H Pylori" (Id., p. 10.); (4) A copy of information on the Amoxicillin, Clarithromycin, and Omeprazole (Id., pp. 11 – 17.); (5) A copy of Plaintiff's request to the Warden dated November 24, 2020, regarding "Bottled Drinking Water" (Id., p. 18.); (6) A copy of Plaintiff's request to the Medical Director dated November 24, 2020, regarding "Bottled Drinking Water" (Id., p. 19.); and (7) Plaintiff's handwritten copy of "Rolling Stone May 2018 Edition pg. 30 – 33, Revolt in Coal Country" (Id., p. 20 – 21.)

On March 3, 2021, after screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, the undersigned granted Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs and directed Plaintiff to pay $20.41 as an initial partial payment of the filing fee. (Document No. 8.)

On March 24, 2021, Plaintiff paid the initial partial payment of the filing fee and the Clerk's Office issued process the same day. (Document Nos. 11 and 12.) On May 24, 2021, the United States filed its "Notice and Motion to Reconsider Plaintiff's Filing Status as *In Forma Pauperis*" and Memorandum in Support. (Document Nos. 22 and 23.) As Exhibits, the United States attaches the following: (1) The Declaration of Destiny Spearen (Document No. 22-1, pp. 2 - 3.); (2) A copy of Plaintiff's "Inmate History Adm-Rel" (Id., pp. 5 – 9.); (3) A copy of Plaintiff's Sentencing Monitoring Computation Data (Id., pp. 11 – 13.); (4) A copy of "Inmate Names" (Id., p. 15.); (5) A copy of Plaintiff's lab report showing negative results for Helicobacter Pylori (Id., p. 17.); (6) A copy of a Memorandum Order entered in Mackey v. Bureau of Prisons, Case No. 11-cv-883 (W.D.La. Jan. 3, 2012), wherein the Court revoked and rescinded Plaintiff's *in forma pauperis* status based upon the three-strikes rule (Id., pp. 19 – 20.); (7) A copy of In re. MacKey, Case No. 14-30927 (5th Cir. 2014), wherein the Fifth Circuit denied Plaintiff's motion to file a successive Section 2255 motion as frivolous and repetitive, imposed a $200 sanction, and issued another sanction warning (Id., pp. 22 – 23.); and (8) A copy of an Opinion and Order entered in Sinkfield v. United States, Case No. 7:20-cv-00149 (W.D.Va. March 1, 2021), wherein the Court granted the United States' Motion to Reconsider and vacated its prior Order granting Plaintiff's *in forma pauperis* status based upon the three-strikes rule (Id., pp. 25 – 31.).

On June 3, 2021, Plaintiff filed his Response in Opposition and a proposed "Promissory Note" for the remaining amount of the filing fee. (Document Nos. 26, 27, and 27-1.)

## DISCUSSION

In its "Notice and Motion to Reconsider Plaintiff's Filing Status as *In Forma Pauperis*," the United States argues that Plaintiff's *in forma pauperis* ("IFP") status should be revoked. (Document Nos. 22 and 23.) The United States asserts that Plaintiff "has a long standing history

4

of vexatious litigation in district and circuit courts around the country, filing over 50 cases." (Document No. 22, p. 1.) The United States argues that Plaintiff is subject to the "three-strike rule" because Plaintiff has had more than three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a claim. (Id., pp. 2 – 3.) Thus, the United States contends that this Court should revoke Plaintiff's IFP status because Plaintiff has not alleged or demonstrated that he is imminent danger of serious physical harm. (Document No. 23, pp. 3 – 5.) The United States contends that any allegations involving Plaintiff's health are speculative. (Id., p. 3.) The United States explains that "since [Plaintiff's] transfer from FCI McDowell, a follow-up test was performed, and Plaintiff no longer tested positive for H. Pylori." (Id., pp. 4 – 5.) In Response, Plaintiff merely argues that he should be allowed to proceed because he paid the initial partial payment on the filing fee ($20.41). (Document No. 26.) Plaintiff concludes that he "entered into a contractual agreement with the Clerk of this honorable court when the $20.41 was paid." (Id.) Plaintiff further states that in screening Plaintiff's Complaint, this Court determined that Plaintiff "made ample allegations of unconstitutional conduct by Defendants." (Id.)

The Prison Litigation Reform Act ("PLRA") contains a provision known as the "three-strikes rule." See 28 U.S.C. § 1915(g); Lomax v. Ortiz-Marquez, ___ U.S. ___, 140 S.Ct. 1721, 1723, 207 L.Ed.2d 132 (2020). The three-strikes rule restricts the right to proceed without payment of the filing fee for prisoners who repeatedly file meritless claims. Specifically, Section 1915(g) provides as follows:

> In no event shall a prisoner bring in a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In the instant case, there is no question that Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failing to state a viable claim. See Mackey v. Bureau of Prisons, et al., Case No. 2:11-cv-00883 (W.D.La. Jan. 3, 2012)(listing Mr. Mackey's prior cases and revoking his *in forma pauperis* status based his three strike status under Section 1915(g)); also see Mackey v. Bureau of Prisons, 2016 WL 3254037 (E.D.Cal. June 14, 2016)(dismissing as frivolous Mr. Mackey's claim based upon his "sovereign citizen"); United States v. Mackey, 2009 WL 424396 (E.D.La. Feb. 19, 2009)(order enjoining Mr. Mackey from submitting filings to the Eastern District of Louisiana after he filed fraudulent liens against a federal judge and prosecutor); In re Mackey, No. 14-30927(5th Cir. 2014)(sanctioning Mr. Mackey for his frivolous and repetitive filing and barring him from filing in federal courts in the Fifth Circuit without leave of the Court). Since Plaintiff is subject to the three-strikes rule, Plaintiff may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the above action.

"[T]he imminent danger 'must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred.'" Feather-Gorbey, 787 Fed.Appx. at 825(citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)); also see Meyers v. Commoner of Social Security Admin., 801 Fed.Appx. 90, 96 (4th Cir. 2020)(The imminent danger must be a danger that is "close at hand, not a past infraction" and "must have some nexus or relation to those of the underlying complaint.") The plaintiff "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson v. Warner, 200 Fed.Appx.

270, 272 (4th Cir. 2006). A plaintiff's allegations must show that the "conduct complained of threatens continuing or future injury," not just that plaintiff "deserves a remedy for past misconduct." Id.

As stated above, upon screening of Plaintiff's Complaint pursuant to Section 1915A, the undersigned granted Plaintiff IFP status after determining Plaintiff alleged plausible claims of deliberate indifference. (Document No. 4.) A review of Plaintiff's Complaint pursuant to Section 1915(g), however, reveals that Plaintiff's IFP status should be revoked because Plaintiff has not demonstrated an imminent danger of serious physical injury. Concerning his deliberate indifference claim, Plaintiff alleges that the water at FCI McDowell is "contaminated and the Defendant(s) know because all staff at FCI McDowell drink bottled water and staff inform inmates that they should buy bottled drinking water off the commissary store list." (Document No. 2.) Plaintiff alleges that he had "no choice but to drink the water and [he] contracted the disease H. Pylori."[3] (Id.) Although Plaintiff acknowledges that he was provided a 14-day supply of medication to treat his H. Pylori, Plaintiff claims that a 14-day supply of medication is insufficient when he is "forced to drink contaminated water to take the meds." (Id.) Plaintiff further complains that he has not be evaluated by a Gastroenterologist. (Id.) The United States first notes that Plaintiff is no longer incarcerated at FCI McDowell, where Plaintiff speculates the water is contaminated. Specifically, Plaintiff was transferred to USP Hazelton on February 9, 2021. (Document No. 22-1, p. 2.) Next, the United States argues that Plaintiff's above claims are speculative and do not establish an imminent danger of serious physical injury. In support, the United States files a copy of Plaintiff's lab report dated March 24, 2021, revealing that Plaintiff was negative for H. Pylori.

---

[3] H. Pylori is a bacterial infection of a person's stomach, which is treated with antibiotics.

In his Response in Opposition, Plaintiff does not allow he is in imminent danger of serious physical injury. (Document No. 26.) Based upon the record, Plaintiff was provided medication to treat his H. Pylori and Plaintiff has subsequently tested negative for the disease. Plaintiff's mere complaint that he contracted H. Pylori and was denied an evaluation by a Gastroenterologist cannot establish an imminent danger of serious physical injury where Plaintiff was provided medical treatment and subsequently tested negative for the disease. Based upon the foregoing, the undersigned finds that Plaintiff's IFP status should be revoked because Plaintiff has failed to demonstrate that he is under imminent danger of serious physical injury.

Since Plaintiff has neither paid the filing fee nor demonstrated that he is under imminent danger of serious physical injury in relation to the claims in his Complaint, the undersigned respectfully recommends that the District Court dismiss the above action without prejudice pursuant to 28 U.S.C. § 1915(g). The undersigned notes that Plaintiff paid an initial partial payment of the filing fee ($20.41). To the extent Plaintiff argues the payment of the initial partial payment of the filing fee results in some "contractual agreement" with the Clerk of this Court, such an argument is clearly without merit. The undersigned further recommends that Plaintiff's initial partial payment of the filing fee ($20.41) be returned to Plaintiff.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** the United States' "Motion to Reconsider Plaintiff's Filing Status as *In Forma Pauperis*" (Document No. 22), **REVOKE** Plaintiff's IFP status, **DIRECT** that the Clerk return Plaintiff's initial partial payment of the filing fee, **DISMISS** Plaintiff's Complaint (Document No. 2) without prejudice pursuant to 28 U.S.C. § 1915(g), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and counsel of record.

Date: August 10, 2021.

Omar J. Aboulhosn
United States Magistrate Judge